1  Timothy F. Coons, #031208
   Timothy@DentonPeterson.com

2

3   DENTON PETERSON, PC
   ATTORNEYS & COUNSELORS AT LAW

   1930 N. ARBOLEDA ROAD, SUITE 200
4  MESA, ARIZONA  85213
   TELEPHONE: (480) 325-9900
5  FACSIMILE: (480) 325-9901
   *Attorney for Plaintiff*

6

7  **UNITED STATES DISTRICT COURT**
   **DISTRICT OF ARIZONA**

8  Renee Hammel, an individual                    Case No.

9
            Plaintiff
10 vs.                                            **COMPLAINT**

11

12 Clark Hill PLC, a foreign professional limited
   liability company, doing business in the state of
13 Arizona

14          Defendant.

15     Plaintiff Renee Hammel ("Renee"), by and through undersigned counsel, hereby states

16 as follows:

17                    **PARTIES, JURISDICTION, AND VENUE**

18     1.     At all relevant times alleged herein, Renee resided in the State of Arizona in

19 Maricopa County.

20     2.     Clark Hill PLC. ("Clark Hill") is a foreign professional limited liability

21 company doing business in Arizona, with its principal place of business located in Maricopa

22 County, Arizona.

23     3.     This Court has subject matter jurisdiction pursuant to 42 U.S.C. § 12101 *et seq.*

24 and 28 U.S.C. § 2601 *et seq.*

25     4.     Venue and personal jurisdiction is proper in this district pursuant to 28 U.S.C. §

26 1391(b)(c) and (d) because the acts giving rise to Renee's claims occurred within the District

27 of Arizona, and Clark Hill regularly conducted business in and has engaged in the wrongful

28 conduct alleged herein in Maricopa County, Arizona.

1

1

**GENERAL ALLEGATIONS**

2

3

7.     The Defendant is an employer under the Americans With Disabilities Act 42 U.S.C. § 12101 *et seq.*

4

5

8.     Renee has met all the prerequisites for filing this demand as she filed an EEOC Charge of Discrimination and received her Notice of Right to Sue on August 31, 2018. [Attached as **Exhibit A**]

6

7

**BACKGROUND FACTS**

8

9

9.     On or about August 15, 2016, Renee was recruited by Clark Hill to work as a paralegal.

10

11

10.    While working for Clark Hill, Renee developed serious medical issues.

12

11.    Renee's medical issues qualify as a disability under the ADA.

13

12.    Renee notified Clark Hill of her medical issues and requested reasonable accommodations.

14

15

13.    Renee offered to provide medical documentation of her medical issues and resulting needs.

16

14.    Clark Hill refused medical documentation from Renee.

17

18

15.    Instead, Renee's direct supervising attorney, Douglas Folk, came to Renee asking for the results of her medical testing and told Renee that he would relay the information to the rest of the team.  Mr. Folk also expressed concerns about how this might impact Renee's work performance.

19

20

21

22

16.    Subsequently Clark Hill failed to engage in the interactive process with Renee as required and refused to provide reasonable accommodations as required under the ADA.

23

24

17.    One such example is Clark Hill's refusal to provide Renee immediately with the ability to work from home while stating that such a privilege was reserved for things like when an employee was waiting for a plumber to come to their house in a four-hour window.

25

26

27

18.    Despite dealing with her medical issues, Renee received positive performance reviews from the majority of attorney's that reviewed her performance.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

19.     Her negative performance review came only from Mr. Folk who specifically referenced Renee's time away from the office due to her qualifying disability as the reason for his negative review, stating:

> Renee has had a challenging start to the year due to frequent absences for health issues. She has persevered in the face of those challenges, and I mention her absences only to provide context for my evaluation Her work effort has been interrupted on several occasions by events she cannot control, and that may be part of the problem with efficiency that I note below.

20.     Renee made Clark Hill aware in or around June of 2017 that she was being unlawfully discriminated against based on her disability.

21.     Rather than addressing the unlawful behavior, Clark Hill embarked on a crusade to attempt to justify their unlawful acts, including blaming Renee for things that were specifically not her fault, impermissibly rating down her performance, and placing her on an illusory performance improvement plan.

22.     One specific example of this undue blame occurred when Mr. Folk accused Renee of errors on a discovery project she had worked on with a third-party vendor, meanwhile Mr. Folk informed the client that the errors had nothing to do with the firm or its personnel but rather was the sole fault of the third-party vendor.

23.     Renee repeatedly informed Clark Hill that these actions were unlawful and that the write-ups were without merit.

24.     By August 15, 2017, Renee had worked for Clark Hill for more than one year and had worked at least 1,250 hours as required by the FMLA.

25.     Clark Hill's policy states:

> \*
> Employees otherwise eligible for leave under the FMLA who do not meet this worksite eligibility requirement will be granted up to 12 weeks of unpaid leave by the Firm on the same terms and conditions as provided to employees who meet all eligibility requirements for FMLA leave.

26.     Therefore, per Clark Hill's policies, Renee qualified for FMLA leave and protections.

27.     Despite being eligible for FMLA leave and protections under Clark Hill's policy, Renee was never notified of or provided her rights under the FMLA and thus was denied a benefit provided to others.

28.     In addition, a portion of the hours that Renee missed work was protected under Arizona's "Earned Paid Sick Leave Time" law which went into effect July 1, 2017.

29.     Clark Hill impermissibly discriminated against Renee for her use of her protected sick leave.

30.     These discriminatory acts were within 90 days of her use of sick leave.

31.     Arizona law presumes any negative action to be discriminatory if it takes place within 90 days of the use of her protected sick leave.

32.     Clark Hill culminated its discrimination against and retaliation of Renee by deciding to terminate her in January of 2018.

33.     As a direct and proximate cause of Clark Hill's unlawful acts, Renee has been harmed.

## COUNT ONE

### DISCRIMINATION – ADA – 42 U.S.C. §§ 12101 *et seq.*

34.     Renee incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

35.     At all relevant times, Defendant was a qualified Employer and Renee was a qualified individual under 42 U.S.C. § 12111.

36.     At all times herein mentioned, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117 (hereinafter "ADA"), was in full force and effect and binding on Defendants.  Pursuant to 42 U.S.C. § 12112(a), "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

4

37.     Renee had a disability that substantially limited one or more major life activities and had a record of such impairment from her doctor.

38.     Renee was still able to perform the essential functions of her job or would have been able to perform the essential functions of her job with a reasonable accommodation.

39.     Despite Renee's repeated request that she be provided with reasonable accommodations, including working from home, she was unreasonably denied accommodations.

40.     Defendant refused to engage in the interactive process to accommodate Renee's disability as required by the ADA.

41.     Defendant knowingly discriminated against Renee and her protected disability status and requirements.

42.     The discrimination Renee experienced again resulted in further complications with her medical conditions.

43.     Renee was ultimately discharged due to her disability.

44.     As a result of Defendants actions, Renee has suffered damages and is entitled to relief in an amount to be determined at trial.

## COUNT TWO

### RETALIATION – ADA – 42 U.S.C. §§ 12101 *et seq.*

45.     Renee incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

46.     Upon notifying Clark Hill of the discrimination she faced, Clark Hill began a practice of retaliating against Renee by putting untruthful write-ups in her personnel file and putting her on a performance improvement plan.

47.     Because of the escalation of the retaliation against Renee by Clark Hill, Renee's medical conditions were exacerbated.

48.     Defendant explicitly retaliated against Renee by terminating her on the basis of her disability.

49.     As a result of Defendants actions, Renee has suffered damages and is entitled to relief in an amount to be determined at trial.

## COUNT THREE

## DISCRIMINATION – EARNED PAID SICK LEAVE – A.R.S. §§ 23-371 *et seq.*

50.     Renee incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

51.     A portion of work that was missed by Renee was protected under Arizona's Earned Paid Sick Time law, A.R.S. §§ 23-371 *et seq.*

52.     Clark Hill took negative and discriminatory actions against Renee for use of this protected leave.

53.     These actions were taken within 90 days of Renee's use of protected sick leave.

54.     The law presumes any negative action taken against an employee within 90 days of the use of paid sick leave to be discriminatory.

55.     As a result of Defendants actions, Renee has suffered damages and is entitled to relief in an amount to be determined at trial.

## COUNT FOUR

## INTERFERENCE – FMLA - 28 U.S.C. §§ 2601 *et seq.*

56.     Renee incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

57.     Clark Hill's policies clearly provide FMLA privileges and rights to employees in Arizona, including Renee.

58.     Despite knowing about Renee's qualifying medical condition, Clark Hill failed to notify Renee of her eligibility under the FMLA thereby interfering with Renee's rights to utilize her rights under the FMLA.

59.     As a result of Defendants actions, Renee has suffered damages and is entitled to relief in an amount to be determined at trial.

DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PRAYER FOR RELIEF**

WHEREFORE, Renee prays for judgment against Clark Hill as follows:

A.     For compensatory, general, liquidated, special and punitive damages pursuant to permitted by law.

B.     For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

C.     Attorney's fees and costs pursuant to 42 U.S.C.§ 12205 and other applicable law;

D.     For prejudgment interest in the highest amount allowed by law; and

E.     For such other and further relief as may be just and proper in law and equity.

## **DEMAND FOR JURY TRIAL**

Renee hereby requests that upon the trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court.

RESPECTFULLY SUBMITTED this 24th day of October 2018

DENTON PETERSON, P.C.

/s/ Timothy F. Coons
Timothy F. Coons
1930 N. Arboleda Road, Suite 200
Mesa, AZ  85213
*Attorney for Plaintiff*

DP | DENTON PETERSON, PC
ATTORNEYS & COUNSELORS AT LAW
1930 N. ARBOLEDA ROAD, SUITE 200
MESA, AZ 85213

# Exhibit A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| | |
|---|---|
| To:  **Renee A. Hammel**<br>     **2061 N. Sunset Drive**<br>     **Chandler, AZ 85225** | From:  **Phoenix District Office**<br>        **3300 North Central Ave**<br>        **Suite 690**<br>        **Phoenix, AZ 85012** |

☐   *On behalf of person(s) aggrieved whose identity is*
      *CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **540-2018-01567** | **Patricia A. Miner,**<br>**Supervisory Investigator** | **(602) 640-5036** |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☒   More than 180 days have passed since the filing of this charge.

☐   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
     be able to complete its administrative processing within 180 days from the filing of this charge.

☒   The EEOC is terminating its processing of this charge.

☐   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN
     90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge,
     you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

**Elizabeth Cadle,**
**District Director**

AUG 3 1 2018

*(Date Mailed)*

Enclosures(s)

CC:   **Paul W. Coughenour**
      **CLARK HILL PLC**
      **151 S. Old Woodward Ave.**
      **Suite 200**
      **Birmingham, MI 48009**

Enclosure with EEOC
Form 161-B (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of
your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the
charge.  Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
*before 7/1/10* – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do **not** relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

➢ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
➢ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
➢ **Only one** major life activity need be substantially limited.
➢ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
➢ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
➢ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

**"Regarded as" coverage:**
➢ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
➢ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
➢ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
➢ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.